The Chancellor,.
The motion for the appointment of a receiver must be denied.
1. Due notice of the application has not been given. It is a special motion, of which the defendant is entitled to notice. The circumstances stated in the affidavit do not amount to an excuse for the omission. Notice was originally given for the sixteenth of April. The motion not being then heard, counsel agreed to submit written briefs, without any agreement as to the time. So the.matter slept until two days since, without briefs being furnished, or so far as appears, without any reference being made to the subject on either side. A brief was then requested from the defendants’ *451 solicitor for to-day. On notice of the application being required, one day’s notice was given. After so long delay, and no apparent want of good faith upon the part of the defendants’ counsel, I cannot act upon the original notice.
2. The delay in renewing the motion raises the presumption that there is no pressing necessity for the appointment of a receiver, and in the absence of affidavits showing the existence of any immediate necessity, justifies the court in withholding its action. The bill was filed on the ninth of April. The subpoena was returned on the twenty-first of April. The answers were filed on the eighteenth of June. No replication has been filed. Where a complainant seeks to take the control of property from those having the legal right of possession, delay on the part of the complainant in advancing his cause or in making his application is an objection to the appointment of a receiver. JEdw. on Receivers 49.
The application is denied without reference to the merits of the case, as they appear upon the pleadings, and without prejudice to the renewal of the application, if deemed advisable before final hearing.